IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
ALLSTATE INSURANCE COMPANY,   )
                              )    No.  08-508-HU
          Plaintiff,          )
                              )
     v.                       )
                              )    FINDINGS AND
                              )    RECOMMENDATION
DAT THAI NGUYEN, THAI NGUYEN, )
VISION AUTO REPAIR CO., and   )
T. N.                         )
                              )
          Defendants.         )
_____)
```

Douglas F. Foley
Katie D. Buxman
Foley & Buxman
13115 N.E. 4th Street, Suite 260
Vancouver, Washington 98684
    Attorneys for plaintiff

S. Michael Rose
Aubertine Draper Rose
1211 S.W. 6th Avenue
Portland, Oregon 97204
    Attorney for defendant T.N.

William A. Davis
Davis Rothwell Earle & Xochihua
1900 Wells Fargo Center
1300 S.W. 5th Avenue
Portland, Oregon 97201
    Attorney for defendant Thai Nguyen
///

FINDINGS AND RECOMMENDATION Page 1

HUBEL, Magistrate Judge:

The matter before the court is defendant T.N.'s Motion to Dismiss or Abstain (doc. #10).

This is an insurance coverage action filed by Allstate Insurance Company, requesting that the court issue a declaratory judgment that Allstate is not obligated to defend or indemnify Dat Thai Nguyen and Vision Auto Repair in an action filed in the Circuit Court for Multnomah County by defendant T.N., <u>T.N. v. Dat Thai Nguyen, Vision Auto Repair Co., and Thai Nguyen</u>, No. 0802-02075. Allstate alleges in the declaratory action complaint that it issued defendant Thai Nguyen a Landlord's Package insurance policy, but that defendants Vision Auto Repair and Dat Thai Nguyen do not qualify as Insured Persons as defined in the insurance policy.

Allstate has not attached a copy of the insurance policy to the complaint. Within the complaint, Allstate alleges that the policy provides as follows:

> **Coverage X**
> **Liability Protection**
> **Losses We Cover Under Coverage X:**
> Subject to the terms, conditions and limitations of this policy, **Allstate** will pay compensatory damages which an **insured person** becomes legally obligated to pay because of **bodily injury**, **personal injury**, or **property damage** arising from a covered **occurrence**. We will not pay any punitive or exemplary damages, fines or penalties.

The terms **"Bodily Injury,"** **"Insured Person,"** **"Occurrence,"** **"Personal Injury,"** **"Residence premises,"** and **"you"** are defined as follows:

> 2. **Bodily injury** means physical harm to the body, including sickness, disability or disease...
>
> \* \* \*

FINDINGS AND RECOMMENDATION Page 2

x

6. **Insured person(s) means:**

   a) if **you** are shown on the Policy Declarations as an individual and **you** are a sole proprietor **you** and **your** resident spouse.

   b) if **you** are shown on the Policy Declarations as a partnership or joint venture, the named partnership or joint venture, including any of its partners or members individually while acting within the course and scope of their duties in connection with the ownership, maintenance or use of the **residence premises**.

   c) if **you** are shown on the Policy Declarations as an organization other than a partnership or joint venture, the organization directors, trustees or governors of the organization while acting within the course and scope of their duties in connection with the ownership, maintenance or use of the premises.

   d) **your** employees, while acting within the course and scope of their employment in connection with the ownership, maintenance or use of the **residence premises**.

   This policy does not apply to **bodily injury**, **personal injury** or **property damage** arising from the conduct of any partnership, joint venture or organization which is not named on the Policy Declarations as the insured.

7. **Occurrence** means--

   a) under **Coverage X-Liability Protection**, an accident during the policy period, including continued and repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury, personal injury** or **property damage** and arising from the maintenance or use of the **residence premises**.

8. **Personal Injury** means damages resulting from:

   a) false arrest; false imprisonment; wrongful detention;

   b) wrongful entry; invasion of rights of

FINDINGS AND RECOMMENDATION Page 3

        occupancy; wrongful eviction;

        c) libel; slander; humiliation; defamation of character; invasion of rights of privacy.

        * * *

11.   **Residence premises** means **your** dwelling, other structures and land located at the address stated on the Policy Declarations.

        * * *

14.   **You** and **your** means the person(s), partnership, joint venture, or organization specifically named on the Policy Declarations as the insured.

Complaint ¶ 15.

The underlying <u>T.N.</u> case asserts claims for battery, intentional infliction of emotional distress (IIED), and negligence. The complaint alleges that on June 22, 2006, defendant Dat Thai Nguyen ("Dat Nguyen") encountered T.N., a minor, and demanded that she accompany him to Vision Auto Repair's premises, where he raped her. The complaint alleges that Dat Nguyen used his authority as the employee and/or agent of Thai Nguyen and his position as manager of the residential complex where T.N. lived to gain access to T.N. and to exert control over her, and further that Dat Nguyen used Vision Auto Repair's surveillance equipment to plan and conduct his assault on T.N. Thai Nguyen is allegedly the owner of both the residential complex and Vision Auto Repair.

    As part of the negligence claim, T.N. alleges that Vision Auto Repair and/or Thai Nguyen knew or should have known that Dat Nguyen was an individual with violent and aggressive propensities, and that he was nevertheless hired as an agent or employee despite defendants' knowledge or reasonable awareness of Dat Nguyen's prior felony record and history of violent actions and sexual conduct.

FINDINGS AND RECOMMENDATION Page 4

Dat Nguyen was convicted of rape and sexual abuse on April 3, 2007, in Multnomah County. Dat Nguyen has not made an appearance in the present case.

T.N. requests that the court abstain from exercising jurisdiction over this case.

## Standards

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a federal court "may declare the rights and other legal relations of any interested party seeking such declarations." The exercise of jurisdiction under the Act is committed to the sound discretion of the district court. Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002), citing Wilton v. Seven Falls Co., 515 U.S. 277, 282-83 (1995). In deciding whether to exercise its discretion under the Act, the court considers the so-called Brillhart factors: 1) avoiding the needless determination of state law issues; 2) discouraging litigants from forum shopping; and 3) avoiding duplicative litigation. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998)(en banc), citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942). The Brillhart factors are not exhaustive. Id. at 1225 n. 5.

While the Brillhart factors are the "philosophic touchstone for the district court," 133 F.3d at 1225, the Dizol court articulated other considerations that may be relevant, including whether the declaratory action 1) will settle all aspects of the controversy; 2) will serve a useful purpose in clarifying the legal relations at issue; 3) is being sought merely for the purposes of

FINDINGS AND RECOMMENDATION Page 5

procedural fencing or to obtain a res judicata advantage; and 4) will result in entanglement between federal and state court systems. Additionally, the court considers the convenience of the parties and the availability and relative convenience of other remedies. 133 F.3d at 1225 n. 5.

If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. Id. at 1225. However, the pendency of a state court action does not, of itself, require the district court to abstain from granting declaratory relief. Id. There is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically. Id.

**Discussion**

A.  Duty to Defend and Duty to Indemnify

Under Oregon law, an insurer's duty defend is not identical to the duty to indemnify, and the duty to indemnify is not completely dependent upon the duty to defend. Ledford v. Gutoski, 319 Or. 397, 403 (1994); American States Ins. Co. v. Dastar Corp., 318 F.3d 881, 890 (9th Cir. 2003). The duty to defend derives from the allegations of the complaint, see, e.g., Marleau v. Truck Ins. Exchange, 333 Or. 82, 91 (2001); the duty to indemnify derives from factual determinations separate from the allegations of the complaint. American States, 318 F.3d at 890.

///

B.  Application of Brillhart Factors

FINDINGS AND RECOMMENDATION Page 6

1.  Avoiding Needless Decisions of State Law

Allstate's original complaint requested that the court enter declaratory judgment in its favor on the ground that Dat Thai Nguyen and Vision Auto Repair were not "insured persons" under Thai Nguyen's insurance policy. Allstate now seeks to amend its complaint to request that the court enter judgment in its favor on a second ground, i.e., that the intentional acts exclusion in the insurance policy excuses Allstate from defending or indemnifying Dat Thai Nguyen and Vision Auto Repair.

The intentional acts exclusion in the insurance policy provides as follows:

> **Losses We Do Not Cover Under Coverage X:**
> 1.  **We** do not cover any **bodily injury, personal injury or property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an **insured person**. This exclusion applies even if:
>     a.  an **insured person** lacks the mental capacity to govern his or her conduct;
>     b.  such **bodily injury, personal injury**, or **property damage** is of a different kind or degree than intended or reasonably expected; or
>     c.  such **bodily injury, personal injury, or property damage** is sustained by a different person than intended or reasonably expected.
> This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of a crime.

Proposed Amended Complaint ¶ 15, Affidavit of Douglas Foley, Exhibit A.

The motion to amend is not opposed by defendants T.N., Vision Auto

FINDINGS AND RECOMMENDATION Page 7

Repair and Thai Nguyen, and is therefore granted.

The insurance policy at issue must be construed under state law, see, e.g., Hoffman Const. Co. v. Fred S. James & Co., 313 Or. 464, 469 (1992), and determination of Allstate's duties to defend and to indemnify are also matters of state law. Merleau, 333 Or. at 91.

The amended complaint in this case, and the underlying complaint in state court, allege that Dat Thai Nguyen "was convicted of Rape in the First Degree and Sexual Abuse in the Second Degree on April 3, 2007 and Judgment was entered on April 24, 2007 in Multnomah County, Oregon." Amended Complaint, Foley Affidavit, Exhibit A ¶ 10 (underlying complaint ¶¶ 5-6). Under State Farm Fire & Casualty Company v. Reuter, 299 Or. 155, 163-64 (1985), Dat Nguyen's pleaded conviction conclusively establishes that he acted intentionally.

Accordingly, under the policy exclusion, there is no coverage for the acts of Dat Thai Nguyen. See Reuter, 299 Or. at 163, 165. A declaratory judgment in this case will not require a "needless determination" of state law or require the court to make necessary factual determinations that are part of the underlying state court case. This element of the Brillhart analysis does not favor abstention.

2.  Forum shopping

Federal courts should "generally decline to entertain reactive declaratory actions." Dizol, 133 F.3d at 1225. "A declaratory judgment action by an insurance company against its insured during

FINDINGS AND RECOMMENDATION Page 8

the pendency of a non-removable state court action presenting the same issues of state law is an archetype of what we have termed 'reactive' litigation." Robsac, 947 F.2d at 1372-73, overruled on other grounds by Dizol, 133 F.3d at 1224. As discussed, Dat's criminal conviction precludes coverage; this declaratory judgment action does not present the same issues of fact or of state law that will be resolved in the state court action.

3. Avoiding Duplicative Litigation

Allstate contends that the coverage issues in this case are not germane to and will not be decided in the underlying litigation. For the reasons stated above, I agree. None of the Brillhart factors favors this court's abstention from the coverage action while T.N. litigates her claims in the underlying state court action.

**Conclusion**

Allstate's unopposed motion to amend (doc. # 21) is GRANTED. T.N.'s motion to dismiss (doc. # 10) should be DENIED.

**Scheduling Order**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 13, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due

///

///

FINDINGS AND RECOMMENDATION Page 9

December 30, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 1st day of  December , 2008.

                         /s/ Dennis James Hubel

                            Dennis James Hubel
                       United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 10