IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLSTATE INSURANCE CO.,

    Plaintiff,

v.

DAT THAI NGUYEN, et al.,

    Defendants.

No. CV 08-508-HU

OPINION AND ORDER

**MOSMAN, J.**,

On December 1, 2008, Magistrate Judge Hubel issued Findings and Recommendation ("F&R") (#27) in the above-captioned case GRANTING plaintiff's Motion to File Amended Complaint (#21), and recommending that defendant T.N.'s Motion to Dismiss/Abstain from Exercising Jurisdiction (#10) be DENIED. Defendants T.N. and Thai Nguyen filed objections to the F&R (## 31, 32).

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge,

but retains responsibility for making the final determination. The court is generally required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Here, defendant T.N. makes two primary objections. First, T.N. argues that Judge Hubel made impermissible factual findings to support his conclusion of no coverage under the insurance policy. (Def.'s Obj. (#31) 7-9.) The question at issue is whether Dat Thai Nguyen's intentional conduct is covered by the policy. Regardless of whether this issue is stated as a question or an answer, resolving it requires a policy analysis and is not dependent on state law.

Second, T.N. contends that Judge Hubel incorrectly applied the doctrine of abstention. T.N. essentially argues that, separate from the issue of whether the insurance policy covers Dat Thai Nguyen's intentional action, there are other tort theories of liability that turn on state law rather than policy coverage questions. (*Id*. at 10-11.) Even if T.N. has brought negligence claims that are not reliant on intentional conduct, resolving insurance coverage only partly relies on state law, with the other part requiring policy analysis. Therefore, the overall *Brillhart* analysis conducted by Judge Hubel favors non-abstention.

PAGE 2 OPINION AND ORDER

Therefore, upon review, I agree with Judge Hubel's recommendation, and I ADOPT the F&R (#27) as my own opinion.

IT IS SO ORDERED.

DATED this  11th  day of February, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court